# STATE OF FLORIDA v HOUSER
## Case No. MO85-8086
County Court, Orange County

March 17, 1986

### APPEARANCES OF COUNSEL

**Tim David,** Assistant State Attorney, for plaintiff.

**Donald A. Lykkebak** for defendant Ronald Houser.

**J. Cheney Mason** for defendant Rose Marie Houser.

### OPINION OF THE COURT

GEORGE A. SPRINKEL, IV, County Judge.

THIS CAUSE having come to be heard upon Motion filed by Defendants, RONALD B. HOUSER and ROSE MARIE HOUSER to dismiss the Information in the above styled cause, it is after considera-tion of the pleadings and argument of counsel at hearing March 13, 1986, that the Court finds as follows:

1. The Information fails to define a crime for the reason that it tracks the language of Section 372.99(2), Florida Statutes, and fails to plead the crime sought to be charged and described in Section 372.99(1), Florida Statutes.

2. It was acknowledged by the State and Defense at hearing that on the date of the alleged offense, September 25, 1985, Defendants were in possession of no lights other than the headlights on their automobile and, further, they were in possession of no gun. A crossbow was instead taken from the possession of the Defendants after search of the vehicle in which they were riding.

3. The crime sought to be alleged by the State is defined and penalty described in Section 372.99(1), Florida Statutes. That statute states in part, "whoever takes or attempts to take any deer or wild turkey by the use of gun and light in or out of the closed season, is guilty of a misdemeanor of the first degree. . . ." The statute fails to provide a definition of "gun".

4. "Gun" is a word of common usage which may be construed according to its plain and ordinary meaning which reasonable persons would construe to mean a firearm. The State has requested the Court to extend the definition of "gun" to a crossbow and has described an extended rationale to broaden the definition of "gun" beyond its common and ordinary usage. The Court rejects the State's reasoning which, in part, asserted that the penal statute at issue, Section 372.99(1), Florida Statutes, includes definitions in the Florida Administrative Code or that a gun is a slingshot and a crossbow is like a slingshot and therefore, a crossbow is a gun.

5. The Court finds that the statute is unconstitutionally vague, ambiguous and indistinct as applied to the circumstances of this particular case only. The statute fails to give adequate notice that "gun" is anything other than that which a citizen might understand it to be as that term is commonly and ordinarily used. For that reason, the requirements of due process guaranteed under the Fifth Amendment to the U.S. Constitution and Article I, Section 9 of the Florida Constitution are not satisfied where Defendants are prosecuted under Section 372.99(1), Florida Statutes, after possessing a crossbow rather than a "gun".

6. Further, the Court notes that Section 372.99(1), Florida Statutes, and Section 372.99(2), Florida Statutes, when considered together are quire ambiguous. That ambiguity must be construed in favor of the accused and against the State. Therefore, it is;

ORDERED AND ADJUDGED that the Information shall be

dismissed and the Defendants, RONALD B. HOUSER and ROSE MARIE HOUSER, discharged.

By separate Order the Court has ordered returned to the Defendants their automobile seized at the time of their arrest September 25, 1985. It is further

ORDERED AND ADJUDGED that after time passes for appeal or upon appeal this Order is affirmed, the agents of the Florida Freshwater Fish and Game Commission are further ordered to return the additional property seized, to wit: crossbow and arrows, forthwith without necessity of further Order of the Court.

DONE AND ORDERED in Chambers at Orlando, Orange County, Florida, this 17th day of March, 1986.